UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY CURTIS FOSTER,<br><br>Defendant. | No. 2:18-CR-00164-MCE<br><br>**ORDER** |

Defendant Jerry Curtis Foster ("Defendant") pled guilty to Use of Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b). He was sentenced on July 25, 2019, to a prison term of forty-eight (48) months. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF No. 270. The Government opposes Defendant's request. ECF No. 281. For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that his sentence should be reduced immediately to time served. More specifically, according to Defendant, "he suffers from comorbidities, including stage 2 hypertension and substantial obesity (BMI 35), that present a very high risk of severe illness or death from complications should he contract COVID-19 in prison." ECF No. 270 at 1. Even if Defendant's medical issues are sufficient to justify compassionate release, however,

Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now

provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

      (A) Medical Condition of the Defendant.

      . . . .

      (ii) The defendant is—

          (I) suffering from a serious physical or medical condition,

          (II) suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

    Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

    After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming Defendant's medical conditions are sufficient to qualify him for consideration for release, which this Court does not decide, such release would be inappropriate both under § 3553(a) and because Defendant remains a danger to the community.

    As the Government explains:

> At the time of sentencing, [Defendant] was in Criminal History Category VI, with ten prior criminal convictions. PSR at ¶¶ 29-38. The Sentencing Guidelines classify him as a career offender. Id. at ¶ 43. In this case, [Defendant] was an associate in a drug trafficking operation that distributed drugs in Modesto and throughout the Central Valley. While the government does not simply dismiss [Defendant's] statements in allocution that, with the benefit of having started a family, he has every intention of mending his conduct, it remains that the crime for which he was convicted in this case was by no mean anomalous. Narcotics trafficking has been a well-worn path for [Defendant] and one for which his sentence of 48 months was charitable. Having served roughly half of his sentence, he

>is unlikely to have received its deterrent or rehabilitative effects sufficiently.  Nothing about the COVID-19 pandemic reduces the defendant's danger.

ECF No. 281 at 9-10.  Given the foregoing, Defendant has not demonstrated he is no longer a danger to the community.

Nor do the § 3553(a) factors support release.  Defendant has served only roughly half of his sentence, a sentence that was sufficient but not greater than necessary at the time it was imposed and that remains so now.  Having found that Defendant is a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate.  Defendant's Motion to Reduce Sentence (ECF No. 270) is DENIED.

IT IS SO ORDERED.

Dated:  January 7, 2021

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE